UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-60325-CR-DMM

THE UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUSTIN MICHAEL MOUSCH,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR
PSYCHIATRIC/PSYCHOLOGICAL STUDY**

    COMES NOW, the Defendant, JUSTIN MICHAEL MOUSCH, by and through his undersigned counsel and pursuant to 18 U.S.C. §4241 and 4242 respectfully moves for an Order directing an independent examination to be performed on the Defendant a psychiatric/psychological study, as well as the payment of said costs, to determine the Defendant's competency to proceed to trial, and as grounds therefore states as follows:

    1.    The Defendant is named in an Indictment, charging him with forcibly assaulting, resisting, opposing, impeding, intimidating and interfering an officer and employee of the United States during the conduction of his/her duties.

    2. Agent Lucas White of the Secret Service and BSO Det. Christopher Anderson were dispatched to the home of the defendant in reference to an involuntary mental health evaluation. The Defendant had been sending several letters to the President of the United States stating that he was going to "kill people. He also kept a journal and in it again stated that he would kill others, On scene at Mousch's residence he sated that he gets 'pings' or messages to his brain telling him to kill himself. While in route to the hospital

Mousch said that he was receiving 'a ping to his dick' and thought I [the agent] should know as a Law Enforcement Officer."[1]

2. Defendant has a history of mental health issues, with his father, Karl Mousch, telling officers that Justin had been experiencing mental health problems for years. He advised that he had been told by his son that he hears voices and believes "non technology" has invaded his brain and is telling him to do things, including to harm himself. Justin also had access to his own weapons in the house. The letters sent to the President had similar ramblings to those represented here.

Detective Anderson determined the Defendant to meet the necessary criteria for being Baker Acted under Florida law. It was during the attempt to restrain the Defendant that he caused his hand to move toward the face of Agent White. Contact was made and a laceration resulted to Agent White's lip.

3. AUSA Arimentha Walkins does not oppose this Motion.

4. Based upon a totality of circumstances, the undersigned would feel remiss under his obligations pursuant to <u>Washington v. Strickland</u>, and 18 U.S.C. § 4241et seq., were he not to take action upon those facts set forth herein.

WHEREFORE the Defendant respectfully requests that this Court enter an order directing an independent examination to be performed on the Defendant by a private psychiatric/psychologist to determine the Defendant's competency to proceed to trial through the performance of a psychiatric/psychological study pursuant to the provisions of 18 U.S.C. § 4241 and 424, and that a report be provided to this Court and to the parties to this proceeding within thirty (45) days of the entry of this Court's Order.

---

[1] The above was taken verbatim from the Broward Sheriff's Office Probable Cause Affridavit.

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by CM/ECF 4th day of December, 2019 to all parties of record.

HOWARD J. SCHUMACHER, P.A.

By: /S/Howard J. Schumacher, Esq.
HOWARD J. SCHUMACHER
1 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL. 33301
(954) 356-0477
(954) 356-0480 - fax
FL. Bar No: 776335